## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MAXEON SOLAR PTE. LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:24-CV-00262-JRG |
| | § | |
| HANWHA SOLUTIONS CORPORATION | § | |
| and HANWHA ENERGY CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court is the Joint Motion to Stay Pending Resolution of *Inter Partes* Review (the "Motion") filed by Plaintiff Maxeon Solar Pte. Ltd. ("Plaintiff") and Defendants Hanwha Solutions Corporation ("HSC") and Hanwha Energy Corporation ("HEC") (together, the "Defendants") (collectively with Plaintiff, the "Parties"). (Dkt. No. 53.)  In the Motion, the Parties represent that the Patent Trial and Appeal Board (the "PTAB") has instituted *inter partes* review ("IPR") of the petitions brought by HSC[1] and Canadian Solar Inc. ("CSI").[2] The Parties further note that after the institution of CSI's IPRs, Defendants moved to stay this case pending resolution of CSI and HSC's IPRs. (*See* Dkt. No. 41.)  Though Plaintiff initially opposed that motion to stay (*see* Dkt. No. 45), Plaintiff now withdraws that opposition in light of the PTAB having

---

[1]  *See Hanwha Solutions Corporation v. Maxeon Solar Pte. Ltd.*, IPR2024-01198, Paper No. 17 (P.T.A.B. Feb. 26, 2025) (instituting IPR of Patent No. 11,251,315); *Hanwha Solutions Corporation v. Maxeon Solar Pte. Ltd.*, IPR2024-01199, Paper No. 17 (P.T.A.B. Feb. 26, 2025) (instituting IPR of Patent No. 8,878,053); *Hanwha Solutions Corporation v. Maxeon Solar Pte. Ltd.*, IPR2024-01203, Paper No. 17 (P.T.A.B. Feb. 26, 2025) (instituting IPR of Patent No. 8,822,516).

[2]  CSI is the defendant in a related case, *Maxeon Solar Pte. Ltd. v. Canadian Solar Inc.*, Case No. 2:24-cv-210-JRG. IPR proceedings have also been instituted on CSI's petitions. *See Canadian Solar Inc. v. Maxeon Solar Pte. Ltd.*, IPR2024-01038, Paper No. 13 (P.T.A.B. Jan. 14, 2025) (instituting IPR of Patent No. 11,251,315); *Canadian Solar Inc. v. Maxeon Solar Pte. Ltd.*, IPR2024-01039, Paper No. 13 (P.T.A.B. Jan. 14, 2025) (instituting IPR of Patent No. 8,222,516); *Canadian Solar Inc. v. Maxeon Solar Pte. Ltd.*, IPR2024-01040, Paper No. 13 (P.T.A.B. Jan. 14, 2025) (instituting IPR of Patent No. 8,878,053); *Canadian Solar Inc. v. Maxeon Solar Pte. Ltd.*, IPR2024-01194, Paper No. 12 (P.T.A.B. Jan. 24, 2025) (instituting IPR of Patent No. 11,251,315).

subsequently instituted IPRs on HSC's petitions. (Dkt. No. 53 at 1-2.) Final written decisions are expected on HSC's IPRs no later than February 26, 2026, which is just a few months after the *Markman* hearing is scheduled in this case. (Dkt. No. 33 at 4.)  Accordingly, the Parties have submitted this Motion jointly asking the Court to stay this case pending resolution of the last Final Written Decision for the IPR proceedings instituted on claims of U.S. Patent Nos. 8,222,516, 8,878,053, and 11,251,315 that Maxeon asserts against Defendants. (*Id.* at 2.) The Parties further note that they will promptly update the Court regarding the outcomes of the IPRs and whether any extension of the stay is warranted. (*Id.*)

The Court notes that by filing the IPR petitions, HSC has agreed to be bound by the full statutory estoppel provision of 35 U.S.C. § 315(e) based on any ground actually raised or that reasonably could have been raised as part of its IPR proceeding. Defendants have not made it clear, however, whether HEC will be bound by the full statutory estoppel provision of 35 U.S.C. § 315(e). Defendant HEC has not joined in the IPRs, nor has it expressly agreed to be bound by the full statutory estoppel provision of 35 U.S.C. § 315(e). Defendant HEC's failure to submit itself to the full statutory estoppel leaves HEC the ability to advance altogether new invalidity theories after the conclusion of the CSI and HSC's IPRs.  Accordingly, the Court finds that the Motion should be and hereby is **DENIED WITHOUT PREJUDICE**. Should HEC irrevocably agree to be bound by the full statutory estoppel provision of 35 U.S.C. § 315(e), including any ground that reasonably could have been raised as part of CSI and HSC's IPRs, then Defendants are permitted leave to resubmit their Motion within fourteen (14) days of this Order.  Failure by Defendants to reurge their Motion to Stay containing an unconditional commitment and agreement to be bound by the full statutory estoppel provision of 35 U.S.C. § 315(e) will be taken by the Court as Defendants' election for HEC not to take on the full statutory estoppel.

So ORDERED and SIGNED this 1st day of May, 2025.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE